# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br><br>**GARY DALE ELLIOTT, SR.,**<br>Defendant. | **CASE NO. 4:21-cr-038**<br><br><br>**SENTENCING MEMORANDOM** |

**COMES NOW** the Defendant, Gary Dale Elliott, Sr., by and through his attorney, Erin M. Carr, and pursuant to 18 U.S.C. §3553 et seq., hereby submits his position on sentencing pursuant to Rule 32 of the Rules of Criminal Procedure, setting forth the factors the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

## TABLE OF CONTENTS

I.   THE OFFENSE……………………………………………………...………….2

II.  LEVEL OFFENSE CALCULATION……………………………………….…….3

III. DEFENDANT'S CRIMINAL HISTORY……………………………………...….7

IV.  DEFENDANT'S SENTENCING GUIDELINES RANGE………..…………...…7

V.   REQUEST FOR VARIANCE…..…………………………….....…….…………8

VI.  CONCLUSION…………………………………………….....…...………….....8

1

## I.   THE OFFENSE

On February 3, 2021, it was reported to the Des Moines Police Department that Defendant was in possession of child pornography. Numerous thumb drives were turned over to the police by Defendant's ex-girlfriend containing said pornographic material. On February 4, 2021, Des Moines Police received a call that Defendant was outside his ex-girlfriend's apartment with a firearm. Police arrived and found Defendant alone in his car. Upon searching the car, officers found a loaded colt revolver. Defendant was then taken into custody.

On February 5, 2021, a search warrant was executed on Defendant's residence. Officers located several devices in Defendant's residence. Upon inspection, officers found photos and videos with pornographic depictions of minors that had both been produced and received by Defendant.

Defendant was charged by way of a three-count indictment filed on March 26, 2021. Defendant was charged with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), 2252A(b)(1); Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), 2252A(b)(2); and Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). A Notice of Forfeiture was also filed, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

On May 19, 2021, a superseding indictment was filed charging Defendant with three counts of Production of Child Pornography in violation of 18 U.S.C. § 2251(a), 2251(e); Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2), 2252A(b)(1); two counts of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), 2252A(b)(2), and Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

On January 25, 2021, Defendant entered guilty pleas to one count of Production of Child Pornography, one count of Receipt of Child Pornography, and Felon in Possession of a Firearm. At the time the plea agreement was entered, the parties stipulated that the remaining counts would be dismissed at the time of sentencing.

## II.     LEVEL OFFENSE CALCULATION

### a. Calculation of Base Level Offense.

The Pre-Sentence Report (PSR) drafted in this matter states the offenses are unrelated, and that each count should be given a separate offense calculation. As to Count 1: Production of Child Pornography (Minor Victim One), the base offense level is 32. Per USSG §2G2.1(a), production of child pornography has a base offense level of 32.

As to Count 4: Receipt of Child Pornography, the base offense level is 22. Per USSG §2G2.2, an offense involving the receipt of child pornography has a base offense level of 22 if the defendant was not convicted of a violation of 18 U.S.C. §§ 1466A(b), 2252(a)(4), 2252A(a)(5), or 2252A(a)(7). *See* USSG §2G2.2(a)(2).

As to Count 7: Felon in Possession of a Firearm, the base offense level is 14. Per §2K2.1, that section provides that if the defendant was a prohibited person at the time he committed the instant offense, the base offense level is 14. USSG §2K2.1(a)(6)(A).

Defendant believes that the base level offense is correctly calculated for each count.

### b. Defendant Requests a Reduction for Acceptance of Responsibility.

The Defendant has entered a guilty plea, accepted responsibility for his actions, and did so in a timely manner. The offense level is accordingly decreased by two levels U.S.S.G. §3E1.1(b). Further, Defendant's timely plea has assisted authorities in the investigation or prosecution of the offense, accordingly, the offense level is decreased by one additional level. USSG §3E1.1(b).

      **c. Defendant objects to the sentencing enhancement pursuant to USSG §2G2.1(b)(5) as the minor was not in the custody, care, or supervisory control of the defendant.**

Whether the victim was in the care of the defendant hinges on whether the defendant "'is a person the victim trusts or to whom the victim is entrusted.'" *United States v. Blue*, 255 F.3d 609, 613-14 (8th Cir. 2001), *quoting* U.S.S.G. §2A3.1, Comment., Background.

> For example, teachers, day care providers, baby-sitters, or other temporary caretakers are among those who would be subject to this enhancement. In determining whether to apply this enhancement, the court should look to the actual relationship that existed between the defendant and the victim and not simply to the legal status of the defendant-victim relationship.

*Id.*, *quoting* U.S.S.G. §2A3.1(b)(3), Application Note 2. Because the government failed to establish that the mother transferred care to defendant, and there was no evidence that the child trusted him, the government failed to establish that the Blue cared for the child within the meaning of §2A3.1(b)(3). *Id.* at 614-15.

In *United States v. Crane*, the Eight Circuit found that the defendant was entrusted with the custody of the child victim. 965 F.2d 586 (8th Cir. 1992). The mother testified to sometimes leaving the child alone with the defendant (her husband the victim's stepfather), this sufficed to constitute the defendant having custody over the child. *Id.* In *United States v. Balfany*, the enhancement applied when the defendant lived in the same home as the victim, and shared household responsibility, including caring for the children. 965 F.2d 575, 585 (8th Cir. 1992).

In the present case, the government cannot meet its burden to show that the minor victims were under the care, custody or supervision of Defendant. No evidence has been produced to show Defendant was "'a person the victim trusts or to whom the victim is entrusted.'" *Blue*, 255 F.3d at 613-14 (8th Cir. 2001), *quoting* U.S.S.G. §2A3.1, Comment., Background. Defendant is more

similar to the defendant in *Blue*, wherein the government did not prove that the mother of the victim ever transferred care to the defendant, even temporarily. *See Blue*, 255 F.3d at 613-14. While the minor victims resided with Defendant and their mother, this case is distinguishable from *Crane* and *Balfany*, where there was proof the victims were sometimes left alone with and cared for by the Defendant. *See Crane*, 965 F.2d at 586; *see also*, *Balfany*, 965 F.2d at 585. Accordingly, the victims were not in the care, custody, or supervisory control of the defendant within the meaning of USSG §2G2.1(b)(5) and the sentencing enhancement pursuant to this section does not apply to Defendant.

      d. **The Application of both USSG §2G2.2(b)(5) and USSG §4B1.5(b)(1) to Defendant Results in an Impermissible Double Counting for the Same Conduct.**

"[W]hen one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been [...] accounted for by application of another part of the Guidelines," double counting occurs. *United States v. Peck,* 496 F.3d 885, 890 (8th Cir. 2007). Such double counting is permissible where "(1) the [Sentencing] Commission intended the result and (2) each statutory section concerns conceptually separate notions related to sentencing." *Id. quoting United States v. Hipenbecker,* 115 F.3d 581, 583 (8th Cir.1997).

The language of 2G2.2(b)(5) and 4B1.5(b)(1) are identical. If the Sentencing Commission had intended for 4B1.5(b)(1) to apply in every case where 2G2.2(b)(5) applies, then it would have merely increased the offense level for USSG § 2G2.2(b) and not created a new, separate Guideline. Further, in this case, the exact same action or activity is cited as the basis for both enhancements. Namely, the filming of minor victims one, two, and three while in the bathroom and in a state of undress. While Defendant acknowledges authority to the contrary of his position, (*see United States v. Rogers,* 989 F.3d 1255, 1263 (11th Cir. 2021); *United States v. Dowell*, 771 F.3d 162,

5

170-171 (4th Cir. 2014); and *United States v. Bastian*, 650 F. Supp. 2d 849, 870 (N.D. Iowa 2009)) Defendant urges this Court to consider the practical effect of these two enhancements in conjunction with one another. There is likely not a case before any court where these two enhancements do not both jointly apply. Therefore, Defendant objects to the double counting of these enhancements and asserts that the 4B1.5(b)(1) enhancement should not be applied in this case.

Defendant withdraws any objection to these enhancements application to him other than the "double counting" objection noted herein.

    e. **Defendant objects to the Sentencing Enhancement for Possession of a Firearm in Connection with another Felony Offense pursuant to USSG §2K2.1(b)(6)(B).**

The PSR notes that Defendant possessed a firearm in connection with the felony offenses of Stalking and Going Armed with Intent. This enhancement has no effect on the sentencing guideline calculation, but Defendant still notes his objection to this enhancement as there is no evidence that he committed either of the cited offenses. All of the charges cited in paragraph 104 of the PSR were dismissed. Therefore, Defendant does not believe this enhancement applies to him.

    f. **Total Level Calculation.**

Count 1: Production of Child Pornography (Minor Victim One)

| | |
|---|---|
| Base Offense Level Calculation | 32 |
| Special Offense Characteristics (USSG §2G2.1(b)(1)(A)) | 4 |
| Adjusted Offense Level (Subtotal) | 36 |

Count 4: Receipt of Child Pornography

| | |
|---|---|
| Base Offense Level Calculation | 22 |
| Special Offense Characteristics (USSG §2G2.2(b)(2)) | 2 |
| Special Offense Characteristics (USSG 2G2.2(b)(4)(A)) | 4 |

| | |
|---|---:|
| Special Offense Characteristics (USSG §2G2.2(b)(5)) | 5 |
| Special Offense Characteristics (USSG §2G2.2(b)(6)) | 2 |
| <u>Specific Offense Characteristics (USSG §2G2.2(b)(7)(D))</u> | <u>5</u> |
| Adjusted Offense Level (Subtotal) | 40 |

Count 7: Felon in Possession of a Firearm

| | |
|---|---:|
| Base Offense Level Calculation | 14 |
| Adjusted Level Offense (Subtotal) | 14 |
| Greater of the Adjusted Offense Levels: | 40 |
| Increase in Offense Level (USSG §3D1.4) | 2 |
| Acceptance of Responsibility | -2 |
| <u>Acceptance of Responsibility</u> | <u>-1</u> |
| Total Offense Level is | 39 |

## III.  DEFENDANT'S CRIMINAL HISTORY

Defendant's criminal history is accurately stated in the PSR. Defendant has a criminal history score of five which places him in criminal history category III.

## IV.  DEFENDANT'S SENTENCING GUIDELINES RANGE

With an offense level of 39 and a criminal history category of III, Defendant's sentencing guideline range would be 324-405. Additionally, count one carries a statutory minimum sentence of 15 years, (see 18 U.S.C. § 2251(e)) and count two carries a statutory minimum sentence of 5 years (see 18 U.S.C. § 2252A(b)(1)).

## V.  FACTORS UNDER 18 USC 3553

Core principles in sentencing have been resolved by the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), *Gall v. United States*, 552 U.S. 38 (2007) and *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558 (2007). "The Guidelines are not only *not mandatory* on

sentencing courts; they are also not to be *presumed* reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009). Courts then are to consider the factors set forth in 18 U.S.C. § 3553(a). Here, the relevant factors listed in § 3553(a) support a sentence below that of the guideline sentencing range.

Defendant is 62 years old and suffers from high blood pressure and hyperthyroidism. He has spent the majority of his adult life in prison and battled drug and alcohol addiction when not incarcerated. Even if sentenced to the statutory minimum sentence of 15 years in this case, he will be 77 years old when released from custody. He will then face a parole violation in the State of Texas. There is no need to punish Defendant more than what is required by statute. Any sentence this Court imposes is likely to be a life sentence for the Defendant.

## VI.   REQUEST FOR VARIANCE

Defendant respectfully requests this court vary downward to the statutory minimum sentence of 15 years for Count One, the statutory minimum of five years for Count Four, and an appropriate sentence for Count Seven. Defendant respectfully requests that these sentences run concurrently. Defendant believes this sentence is sufficient, but not greater than necessary to serve the purposes of sentencing.

## VII.   CONCLUSION

Defendant takes full accountability for his actions and has accepted responsibility. He fully understands the seriousness of producing and receiving child pornography, as well as the restrictions on felon firearm possession. Defendant respectfully requests this Court enter a sentence of 15 years in total. Defendant believes this sentence is sufficient, but not greater than necessary, to accomplish the goals of this Court and society.

**RESPECTFULLY SUBMITTED,**

**CARR LAW FIRM, P.L.C.**

 /s/ Erin M. Carr
Erin M. Carr (AT 0008975)
300 Walnut Street, Suite 140
Des Moines, Iowa 50309
Phone: (515) 875-4868
Fax: (515) 875-4869
erin@carrlawiowa.com
**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

United States Attorney
Attorney for Plaintiff

  /s/ Erin M. Carr